IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Sally Ness,<br><br>                    Plaintiff,<br><br>v.<br><br>City of Bloomington; Michael O. Freeman, in his official capacity as Hennepin County Attorney; Troy Meyer, individually and in his official capacity as a police officer, City of Bloomington; Mike Roepke, individually and in his official capacity as a police officer, City of Bloomington<br><br>                    Defendants. | Case No. 19-cv-2882 (ADM/DTS)<br><br>**DECLARATION OF KRISTIN BOOMER IN SUPPORT OF THE CITY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**FILED UNDER SEAL** |

STATE OF MINNESOTA        )
                                              ) ss.
COUNTY OF HENNEPIN    )

Kristin Boomer, being first duly sworn, on oath, states as follows:

1. I submit this declaration based on personal knowledge.

2. I am employed as a police detective by the City of Bloomington.

3. In August 2018, I was assigned to investigate a case involving allegations that Sally Ness had harassed children in Smith Park on August 17, 2018.

4. On August 22, 2018, I interviewed Ness as part of my investigation. The interview took place at 8127 Oakland Avenue South in Bloomington. Also

present for the interview were Bloomington Police Detective Tracy Martin and Caitlin Gokey. Gokey is a Hennepin County employee who is embedded as a community liaison in the Bloomington Police Department as part of the Joint Community Police Partnership.

5.    At my direction, Detective Martin recorded our meeting with Ness. A true and correct copy of that audio recording was provided to the City's litigation counsel in this matter.

6.    The investigation of the August 17, 2018 incident was placed on inactive status in September 2018.

7.    In September 2019, I was assigned to investigate a case involving allegations that Ness and Larry Frost had harassed children in Smith Park on September 23, 2019, during a Success Academy recess period. My investigation also involved other reports of harassment related to 8201 Park Avenue (the location of the Dar Al-Farooq Center and Success Academy) and Smith Park.

8.    I telephoned Ness to ask her to come to the police department for an interview. Ness's attorney, Frost, responded on her behalf and requested that the interview be done at Ness's residence. I agreed to this request but made it clear to Frost that I would be bringing additional persons as witnesses, that I would be interviewing Frost as well as Ness because Frost was also a named suspect in my harassment investigation, and that I would be recording the interviews.

9.   By email dated October 24, 2019, Frost rescheduled the interview to October 30, 2019. A true and correct copy of that email is attached hereto as **Exhibit A**.

10.   On October 30, 2019, I interviewed Frost and Ness. These interviews took place at the same residence as my August 2018 interview with Ness. Detective Martin and Caitlin Gokey were also present. I interviewed Frost first, and separately from Ness. I then interviewed Ness; Frost was present for her interview.

11.   I recorded the October 30, 2019 meeting using my bodycam. A true and correct copy of that recording was provided to the City's litigation counsel in this matter.

12.   I made a separate recording of my October 30, 2019 interview with Frost using my cell phone. A true and correct copy of that audio recording was provided to the City's litigation counsel in this matter.

13.   I made a separate recording of my October 30, 2019 interview with Ness using my cell phone. A true and correct copy of that audio recording was provided to the City's litigation counsel in this matter.

14.   On or about November 6, 2019, I submitted the information from my investigation to the Hennepin County Attorney's Office for their consideration of felony harassment charges against both Ness and Frost under Minn. Stat. § 609.749, subd. 3(5).

15. To the best of my knowledge Hennepin County has not yet decided whether to bring charges against Ness, Frost, or both of them.

16. Based on my training and experience, if Hennepin County declines to bring charges at the felony level, and assuming no enforcement injunction is in place, the Bloomington City Attorney will have the opportunity to review the information from my investigation for potential non-felony charges.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 16, 2019

Kristin Boomer