## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Court File No. 0:19-cv-02882

| | |
|---|---|
| SALLY NESS,<br><br>     Plaintiff,<br><br>     v.<br><br>CITY OF BLOOMINGTON; MICHAEL O. FREEMAN, in his official capacity as Hennepin County Attorney; TROY MEYER, individually and in his official capacity as a police officer, City of Bloomington; MIKE ROEPKE, individually and in his official capacity as a police officer, City of Bloomington,<br><br>     Defendants. | **PLAINTIFF SALLY NESS'S OBJECTION TO BILL OF COSTS**<br><br>Hon. Ann D. Montgomery |

Pursuant to Local Rule 54.3, Plaintiff Sally Ness hereby objects to the Bill of Costs (Doc. No. 99) filed by Defendants City of Bloomington, Troy Meyer, and Mike Ropeke ("Defendants"). LR 54.3(c)(1)(B) ("Within 14 days after being served with the bill of costs, the opposing party may file and serve objections.").

In their Bill of Costs, Defendants seek $94.45 for "courtesy-copy charges." (Swenson Decl. ¶ 3 [Doc. No. 100]). They seek recovery of no other costs. (*See id.*).

Courtesy-copy charges are typically recoverable if required by local rule. *See, e.g., Shukh v. Seagate Tech., LLC*, No. 10-404 (JRT/JJK), 2014 U.S. Dist. LEXIS 121939, at *21 (D. Minn. Sep. 2, 2014) (vacated on other grounds) ("Courts have allowed such costs recognizing that those photocopies are required by the court, and therefore are obtained not

- 1 -

for the convenience of the parties, but for use in the case.") (citing cases); *Porter v. McDonough*, No. 09-2536 (RHK/SER), 2011 U.S. Dist. LEXIS 20855, at *9 (D. Minn. Mar. 2, 2011) (cost of courtesy copies required by local rule are recoverable).

On March 23, 2020, the Court, via General Order No. 3, suspended all requirements to provide courtesy copies to the Court (which itself calls in to question the need for paper copies in light of the ECF filing requirements). In this Order, the Court stated: "The requirement that the filing party must provide courtesy copies to the judge hearing the motion, *as required in section I.E. of the Civil and Criminal ECF Guides*, continues to be suspended from March 23, 2020, until this order is vacated." (Gen. Order No. 3 [emphasis added]) (available at https://www.mnd.uscourts.gov/sites/mnd/files/2020-0323_COVID-19-General-Order-No3.pdf).

Plaintiff acknowledges that the courtesy copy charges that Defendants seek to recover were incurred prior to March 23, 2020. (*See* Swenson Decl. ¶ 3 [Doc. No. 100]). However, the "Courtesy Copy" section of the Civil ECF Guide referenced in the General Order, states as follows: "COURTESY COPIES 1. Judges may require two courtesy copies of documents filed. *Please review the Practice Pointers for each judges' written submissions before delivering the paper courtesy copies to the court*." (Civil ECF Guide at 11 [emphasis added]) (available at https://www.mnd.uscourts.gov/sites/mnd/files/Civil-ECF-Procedures-Guide.pdf). A review of Judge Montgomery's "Practice Pointers" demonstrates that there is no written requirement to provide courtesy copies. (*See* Practice Pointers) (available at https://www.mnd.uscourts.gov/sites/mnd/files/ADM.pdf).

As a result, Plaintiff Sally Ness, a civil rights plaintiff, should not be responsible for this needless cost incurred by a government party.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Bill of Costs.

Respectfully submitted,

**MOHRMAN, KAARDAL & ERICKSON, P.A.**

/s/ *William F. Mohrman*
William F. Mohrman, 168816
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
Tel: (612) 465-0928; Fax: (612) 341-1076
mohrman@mklaw.com

**AMERICAN FREEDOM LAW CENTER**

/s/ *Robert J. Muise*
Robert J. Muise, Esq.* (MI P62849)
PO Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756; Fax: (801) 760-3901
rmuise@americanfreedomlawcenter.org
*Admitted *pro hac vice*

*Attorneys for Plaintiff*

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the court's electronic filing system.  Parties may access this filing through the court's system.  I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: None.

**MOHRMAN, KAARDAL & ERICKSON, P.A.**

/s/*William F. Mohrman*
William F. Mohrman

*Counsel for Plaintiff*