## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| SALLY NESS,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF BLOOMINGTON; MICHAEL O. FREEMAN, in his official capacity as Hennepin County Attorney; TROY MEYER, individually and in his official capacity as a police officer, City of Bloomington; MIKE ROEPKE, individually and in his official capacity as a police officer, City of Bloomington,<br><br>   Defendants. | Case No. 19-cv-2882 (ADM/DTS)<br><br>Hon. Ann D. Montgomery<br><br><br>**PLAINTIFF SALLY NESS' MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR ATTORNEY FEES AND NON-TAXABLE COSTS** |

## INTRODUCTION

Plaintiff Sally Ness ("Ness") moves for an Order awarding attorney fees and costs under Local Rule 54.03, Federal Rules of Civil Procedure 54, and 42 U.S.C. §§1983 and 1988 against Defendant the City of Bloomington ("City"). Ness sued the Defendants the City, Michael O. Freeman, in his official capacity as the Hennepin County Attorney, and Troy Meyer and Mike Roepke, City of Bloomington Police Officers, for declaratory and injunctive relief (and for nominal damages) challenging a state harassment statute and a City ordinance as unconstitutional under the First Amendment. The District Court granted the Defendants' motions to dismiss the complaint and denied Ness' motion for summary judgment. On appeal, the Eighth Circuit reversed and directed entry of

- 1 -

judgment for Ness on her claim that the City's ordinance was unconstitutional under the First Amendment and affirmed dismissal of Ness' claims related to the state harassment statute as well as Ness' claim for damages against the City and its police officers Meyer and Roepke.

According to the Supreme Court, "plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (citation and internal quotation marks omitted). Ness moved for her attorney fees incurred in the Eighth Circuit. The Eighth Circuit granted her motion awarding Ness 50% of the attorney fees incurred at the Eighth Circuit. Based on the Eighth Circuit's ruling on Ness' motion for attorney fees at the Eighth Circuit, Ness is seeking 50% of her fee incurred at the District Court.

## ARGUMENT

### A. Summary of Ness' Fee Application.

#### 1. Summary of Amount Requested in This Motion.

Ness is represented by two law firms: the American Freedom Law Center (AFLC") and Mohrman, Kaardal & Erickson, P.A ("MKE"). This motion is supported by the declarations of Robert J. Muise of the AFLC and William F. Mohrman of MKE. Those declarations show the following for the work performed in the District Court:

| Firm | | Reasonable Hours | Reasonable Fees Based on Hours | Reasonable Fees Based on Hours After 50% Reduction |
|---|---|---|---|---|
| American Freedom Law Center | | 240.44 | $105,381.50 | $52,690.75 |
| Mohrman, Kaardal & Erickson | | 95.20 | $57,750.00 | $28,875.00 |
| Totals | | 335.64 | $163,131.50 | $81,565.75 |

As more detailed below, the amounts set forth above reflected reductions in time made *after* Robert J. Muise and William F. Mohrman exercised billing judgment and made appropriate reductions in the time entries.

In addition, Ness' attorneys are seeking recovery of the amount of time spent preparing this attorney fee motion.  The Muise and Mohrman declarations show the following for the work performed on this motion this fee motion:

| Firm | | Reasonable Hours | | Reasonable Fees Based on Hours |
|---|---|---|---|---|
| American Freedom Law Center | | 1.75 | | $875.00 |
| Mohrman, Kaardal & Erickson | | 9.80 | | $6,027.00 |
| Totals | | 12.85 | | $6,902.00 |

### 2.  Ness' Fee Application to the Eighth Circuit.

Ness has already been awarded attorney fees from the Eighth Circuit based on the judgment in Ness' favor on her claim against the City.  In Ness' attorney fee motion to the Eighth Circuit, Ness' attorneys submitted the entire time incurred at the Eighth Circuit (after the exercise of billing judgment) and requested an across the board 25% reduction of those attorney fees based on Ness' partial success – i.e., the Eighth Circuit's affirmance of this Court's dismissal of claims against other parties.  Below is a summary of the hours and amounts Ness attorneys requested from the Eighth Circuit:

| Firm | | Reasonable Hours | | Reasonable Fees Based on Hours |
|---|---|---|---|---|
| American Freedom Law Center | | 97.41 | | $46,871.17 |
| Mohrman, Kaardal & Erickson | | 22.9 | | $13,571.50 |
| Totals | | 120.31 | | $60,442.67 |
| Fee Request after 25% reduction for dismissal of claims related to state harassment statute | | | | $45,332.00 |

*See, Ness' Motion to the Eighth Circuit attached to the Mohrman Declaration as Exhibit 21.*

On December 3, 2021, the Eighth Circuit granted Ness' motion for attorney fees. *See, the Eighth Circuit's decision on Ness' Attorney Fee Motion attached to the Mohrman Declaration as Exhibit 22.* In its Order, the Eighth Circuit awarded Ness

$23,435.50 for the American Freedom Law Center's work at the Eighth Circuit and

$6,785.50 for Mohrman, Kaardal & Erickson's work at the Eighth Circuit for a total of

$30,221.00.  Based on the amounts Ness' attorneys requested in their fee motion to the

Eighth Circuit as set forth above, the Eighth Circuit's decision resulted in exactly a 50%

reduction in the amounts Ness' attorneys requested.  In addition, the Eighth Circuit

awarded ALFC an additional $1,314.50 and MKE an additional $3,494.75 for work on

their fee motion.

As a result of the Eighth Circuit's decision to reduce Ness' fee application by 50%,

Ness is seeking 50% of the attorney fees incurred in the District Court in this motion.

### 3.  Prevailing Market Rates for Ness' Attorneys.

The prevailing market rate for Ness' attorneys are set forth below:

**American Freedom Law Center**

| Attorney/Paralegal | Law School Graduation | Years Practicing | Market Hourly Rate |
|---|---|---|---|
| Robert J. Muise | 1997 | 24 years | $500.00 |
| David Yerushalmi | 1984 | 37 years | $500.00 |
| Kate Oliveri | 2015 | 6 years | $300.00 |
| Cynthia Page – paralegal | Prior to 1991 | Over 30 years | $235.00 |

**Mohrman, Kaardal & Erickson, P.A.**

| Attorney/Paralegal | Law School Graduation | Years Practicing | Market Hourly Rate |
|---|---|---|---|
| William F. Mohrman | 1985 | 36 years | $615.00 |

| | | |
|---|---|---|
| John E. Grzybek – paralegal | 1989 | 38 years | $235.00 |

These prevailing rates are supported by the Muise and Mohrman Declarations. More importantly, Ness' attorneys presented these prevailing market rates for Ness' attorney fee motion to the Eighth Circuit. Based on its Order applying a 50% across the board reduction to the amounts Ness' attorneys requested for work before the Eighth Circuit, the Eighth Circuit implicitly found that the prevailing market rates set forth above were reasonable.

**4. Work on this Attorney Fee Motion.**

For their work in preparing this attorney fee motion, Ness' attorneys are requesting the following amount:

| Firm | | Reasonable Hours | | Reasonable Fees Based on Hours |
|---|---|---|---|---|
| American Freedom Law Center | | 1.75 | | $875.00 |
| Mohrman, Kaardal & Erickson | | 9.80 | | $6,027.00 |
| Totals | | $12.85 | | $6,902.00 |

**5. Summary of Attorney Fee Request.**

Based on the Eighth Circuit's across the board 50% reduction of the attorney fee request to the Eighth Circuit, Ness' attorneys are reducing the amount of their attorney fee in this motion by 50% as set forth below:

| Firm | | Total Amount of Fees in the District Court | Total Amount of Fees in the District Court after 50% Reduction |
|---|---|---|---|
| American Freedom Law Center | | $105,381.50 | $52,690.75 |
| Mohrman, Kaardal & Erickson | | $57,750.00 | $28,875.00 |
| Totals | | $163,131.50 | $81,565.75 |

Therefore, to summarize, the total amount Ness seeks for attorney's fees for her attorney's work in obtaining judgment on her behalf in the District Court is $81,565.75, the total amount Ness seeks for attorney's fees for her attorney's work in preparing this attorney fee motion is $6,902.00 and nontaxable costs of $1,067.06 for a grand total of $89,534.81.

### B. Ness Is A Prevailing Party On Her Constitutional Claim That The City Ordinance's Violated Her First Amendment Rights.

Ness is a prevailing party under 42 U.S.C. §1988. As a result of the Eighth Circuit's December 3, 2021 Order, this is conclusively established as the Eighth Circuit granted Ness' §1988 motion to that Court. The issue before this Court is the fact that because Ness partially prevailed on her claims, to what extent does her partial success impact her attorney fee application.

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983), the Supreme Court discussed the issue of how courts should award §1988 attorney fees when a party has achieved partial success:

If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.

*Id.,* at 436, 1941.

*Hensley* went on to hold:

Application of this principle is particularly important in complex civil rights litigation involving numerous challenges to institutional practices or conditions. This type of litigation is lengthy and demands many hours of lawyers' services. Although the plaintiff often may succeed in identifying some unlawful practices or conditions, the range of possible success is vast. That the plaintiff is a "prevailing party" therefore may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved. In this case, for example, the District Court's award of fees based on 2,557 hours worked may have been reasonable in light of the substantial relief obtained. But had respondents prevailed on only one of their six general claims, for example the claim that petitioners' visitation, mail, and telephone policies were overly restrictive, see n. 1, *supra,* a fee award based on the claimed hours clearly would have been excessive.

*Id.*

*Hensley* then concluded by stating:

There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

*Id.,* at p. 436-37, 1941.

Finally, Hensley stated:

Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to

- 8 -

the results obtained.

*Id.,* at 440, 1943.

Applying these principals to this motion, Ness' attorneys voluntarily reduced their fee application by 50%.

### C. Under § 1988 Lobdestar Analysis, the Plaintiff-Appellant's Fee Application is Reasonable.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Under this method, the lodestar amount is presumed to be the reasonable fee to which counsel is entitled. *City of Riverside v. Santos,* 477 U.S. 561, 568 (1986); *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672 (2010); *Pennsylvania v. Del. Valley Citizens' Counel of Clean Air,* 478 U.S. 546, 564 (1986).

"'A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated.'" *Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001)). Whether an hourly rate is reasonable may be informed by factors including the attorney's ordinary billing rate, *McDonald v. Armontrout,* 860 F.2d 1456, 1459 (8th Cir. 1988), and the court's own experience and knowledge of prevailing market rates, *Miller*, 764 F.3d at 831. Notably, courts are to use the current prevailing market rate rather than any

historical market rate in the lodestar calculation.  *Missouri v. Jenkins,* 109 S.Ct. 2463, 2468-69 (1989).

"The product of reasonable hours times a reasonable rate does not end the inquiry." *Hensley,* 461 U.S. at 434.  Other considerations that may lead a court to adjust the fee upward or downward, including the important factor of the "results obtained."  *Id.*

The total amount of attorney fees Ness' attorneys incurred for work in the District Court is $163,131.50.  Based on the Eighth Circuit's decision, Ness' attorneys have reduced this amount by 50%.  As a result, Ness' attorneys are seeking seek a total amount of $81,565.75 in attorney's fees for work in the District Court.

As reflected in Ness' attorneys billing records, the amount is based upon 335.64 hours of work performed by attorneys Robert J. Muise, William F. Mohrman, David Yerushalmi, and Kate Oliveri, and legal assistants (paralegals) Cynthia Page and John E. Grzybek:

| Name of the Attorney/Paralegal | Amount of Hours | Total Fees |
|---|---|---|
| Robert J. Muise | 153.31 | $76,655.00 |
| William F. Mohrman | 93.10 | $57,256.50 |
| David Yerushalmi | 15.00 | $7,500.00 |
| Kate Oliveri | 69.38 | $20,814.00 |
| Cynthia Page (paralegal) | 2.75 | $412.50 |
| John E. Grzybek (paralegal) | 2.10 | $493.50 |
| **Total for Work in the District Court** | 335.64 | $163,131.50 |
| **Total After 50% Reduction** | 167.82 | $81,565.75 |

1. **The Hourly Rates For Fees Are Reasonable In The Minneapolis-Saint Pual Market Regarding First Amendment Civil Rights Litigation.**

Two firms were engaged in the Ness litigation and appeal:  Mohrman, Kaardal and Erickson, P.A. in Minneapolis, Minnesota, and the American Freedom Law Center, a national, public interest law firm with offices in Michigan, New York, Washington, D.C., California, and Arizona. *Mohrman Declaration* ¶1; *Muise Declaration* ¶11.

Calculating reasonable fees under the § 1988 lodestar analysis to determine hourly rates is based on the "prevailing market rates in the relevant community," *Blum v. Stenson,* 465 U.S. 886, 895 (1984), and not the prevailing attorney's regularly hour billing rate. *McDonald v. Armontrout,* 860 F.2d 1456, 1459 (8th Cir. 1988); *See also Moysis v. DTG Datanet,* 278 F.3d 819, 828 (8th Cir. 2002) (finding that a counsel's customary rate might be some evidence of a reasonable rate, but was not controlling, and raising attorney's regular hourly rate 50% greater to meet then comparable prevailing market rates.)

The importance of awarding attorney fees that are competitive in the prevailing market in civil rights cases is embodied in the Eighth Circuit's holding that the amount of the reasonable fee in First Amendment civil rights litigation is not "a fee that is sufficient to induce a capable attorney to undertake child's play:  'It is intended that the amount of fees awarded under [42 U.S.C.] §1988 be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases....'" *Casey v.*

*City of Cabool*, 12 F.3d 799 at 805 (8th Cir. 1993) (quoting S. Rep. No. 1011, 94th Cong., 2nd Sess. 5 (1976) (Amendment of 42 U.S.C. §1988).

The best guidance for the Court to calculate a reasonable fee award is to determine the "prevailing market rate," through satisfactory evidence in addition to the attorney's own affidavits with those by lawyers with comparable skill, experience, and reputation. *Blum*, 465 U.S. at 896.

When the attorney seeking fees has carried the burden of establishing the claimed hourly rate and hours are reasonable, the end product is presumed to be the fee contemplated under 42 U.S. C. § 1988. *Id.* at 897. Further, legal assistant (paralegal) time is recoverable at prevailing market rates. *Missouri v. Jenkins,* 491 U.S. 274, 285,-88 (1989).

Ness seeks reimbursement for the work of four attorneys and two paralegals:

**American Freedom Law Center**

| Attorney/Paralegal | Law School Graduation | Years Practicing | Market Hourly Rate |
|---|---|---|---|
| Robert J. Muise | 1997 | 24 years | $500.00 |
| David Yerushalmi | 1984 | 37 years | $500.00 |
| Kate Oliveri | 2015 | 6 years | $300.00 |
| Cynthia Page – paralegal | Prior to 1991 | Over 30 years | $235.00 |

*See, Muise Declaration, ¶¶9-17 (Muise), 18-27 (Yerushalmi), 28-32 (Oliveri) and 33-35 (Page).*

**Mohrman, Kaardal & Erickson, P.A.**

| Attorney/Paralegal | Law School Graduation | Years Practicing | Market Hourly Rate |
|---|---|---|---|
| William F. Mohrman | 1985 | 36 years | $615.00 |
| John E. Grzybek – paralegal | 1989 | 38 years | $235.00 |

*See, Mohrman Declaration, ¶¶ 7-10; 14-36 (Mohrman), 11, 14, 22, 28, 30, 35 (Grzybek).*

The rates requested for the individual attorneys are reasonable. First, with respect to the American Freedom Law Center, Mr. Robert Muise acted as lead counsel. Mr. Muise graduated *summa cum laude* from the University of Notre Dame Law School in 1997 where he served on the Notre Dame Law Review during his second and third years of law school and was the Note Editor his third year. Mr. Muise served as an active duty officer in the United States Marine Corps for thirteen years. Mr. Muise served a tour as a Judge Advocate where he served as a military trial counsel (prosecutor) for approximately eleven months and as a Special Assistant U.S. Attorney for approximately twenty months. Mr. Muise is the co-founder and Senior Counsel for the American Freedom Law Center (AFLC), a national, public interest law firm with offices in Michigan, New York, Washington, D.C., California, and Arizona. AFLC was launched in January 2012. Prior to that, he was the Senior Trial Counsel for the Thomas More Law Center, a public interest law firm based in Ann Arbor, Michigan. Mr. Muise has been involved in public interest litigation since 2000. Mr. Muise has represented clients before the First, Second, Third, Sixth, Ninth, Tenth, and D.C. Circuits, including *en banc*

arguments in the Sixth and Ninth Circuits.  He has presented oral argument before the Navy-Marine Corps Court of Criminal Appeals and the Massachusetts Supreme Judicial Court.  In August 2011, the National Law Journal named Mr. Muise "Appellate Lawyer of the Week" for his work on the constitutional challenge to the Patient Protection and Affordable Care Act (commonly known as "Obamacare").  *See Muise Declaration ¶¶5–11.*

Mr. Muise has won numerous important free speech cases resulting in published decisions as detailed in his declaration.  *Id. ¶8.*

As set forth in the Muise Declaration, Mr. Muise expended a total of 153.31 hours (after Mr. Muise reviewed the time entries and exercised billing judgment) for work in this District Court in this case. *Id. ¶17.*

Mr. David Yerushalmi graduated from the Sandra D. O'Connor College of Law at Arizona State University in 1984, and was the recipient of the "Most Outstanding Graduate" award for the graduating class.  He served on the Board of Editors of the Law Review during his second and third years; served as editor-in-chief of the newspaper during his first and second years; and was a member of the award-winning national moot court competition team during his second year.  Mr. Yerushalmi is an active member of the California Bar, Arizona Bar, New York Bar, and District of Columbia Bar.  Mr. Yerushalmi an AV® Preeminent™ rated lawyer specializing in complex litigation and risk analysis, especially as it relates to due diligence requirements for domestic and international concerns, geo-political strategic policy, national security, intellectual property, international business relations, and constitutional law.  Mr. Yerushalmi is also

- 14 -

the principal of the Law Offices of David Yerushalmi, P.C., with an active national practice representing individuals and business and non-profit organizations in California, Arizona, New York, and the District of Columbia.  He is a Co-Founder and Senior Counsel for AFLC.  Mr. Yerushalmi has been involved in international legal and constitutional matters for over 30 years.  Mr. Yerushalmi assisted with preparing and reviewing the pleadings, briefs, and other matters related to the above-captioned matter. As set forth in the Muise Declaration, Mr. Yerushalmi expended a total of 15.00 hours (after Mr. Muise reviewed the time entries and exercised billing judgment) for work in this District Court. *Id. ¶¶18–27.*

Ms. Kate Oliveri graduated from Ave Maria School of Law in 2015 where she was awarded the St. Thomas More Full Tuition Scholarship and the St. Jerome Book Scholarship.  At Ave Maria, Ms. Oliveri was a Senior Editor on Law Review, received eleven CALI Awards for the highest grade in a class, and was on the Dean's List every semester.  She graduated in 2015 second in her class, *summa cum laude*, and received the St. Thomas More Award for the graduate demonstrating academic excellence and the virtues of St. Thomas More.  Immediately after graduating, Attorney Oliveri began working for the Thomas More Law Center, where she practiced in constitutional litigation and appeals in federal courts throughout the country.  In 2019, Attorney Oliveri left the Thomas More Law Center and joined AFLC, where she works today.  Ms. Oliveri is an active member of the Michigan Bar.  She was admitted in 2015 and has remained admitted and in good standing since that date to the present.  Ms. Oliveri is also admitted to practice in the following federal courts: U.S. Courts of Appeals for the First, Second,

Fifth, & Sixth Circuits; U.S. District Court, Eastern District of Michigan; U.S. District Court, Western District of Michigan; U.S. District Court, Western District of Tennessee; U.S. District Court, District of Columbia; and U.S. District Court, Western District of Pennsylvania.  As set forth in the Muise Declaration, Ms. Oliveri expended a total of 69.38 hours (after Mr. Muise reviewed the time entries and exercised billing judgment) for work in this District Court.  *Id. ¶¶29–32.*

Finally, Ms. Cynthia Page has been a legal assistant for over 30 years.  In that capacity, she performs the work of a paralegal.  As set forth in Exhibit D to the Muise Declaration, Ms. Page expended a total of 2.75 hours (after Mr. Muise reviewed the time entries and exercised billing judgment) for work in this District Court in this case. *Id. ¶¶33-35.*

Second, with respect to Mohrman, Kaardal & Erickson, Mr. Mohrman graduated from the University of Colorado School of Law in 1985.  Mr. Mohrman has been admitted to practice law in Minnesota since October, 1985.  Mr. Mohrman was a partner at the Felhaber Law Firm in Minneapolis.  In 1998, Mr. Mohrman formed the predecessor to Mohrman, Kaardal & Erickson, P.A. and has practiced as a litigation attorney continuously since 1998.  Mr. Mohrman is admitted to practice before the U.S. District Court for the District of Minnesota and this Court.  *Mohrman Declaration ¶7.* Mr. Mohrman acted as lead counsel in *Republican Party of Minnesota v. White* before the Eighth Circuit and Supreme Court and *281 Care Comm. v. Arneson*, 766 F.3d 774, 778 (8th Cir. 2014), a 42 U.S.C. §1983 First Amendment free speech case in which they successfully petitioned this Court for attorney fees seeking reasonable hourly rates four

years ago of $495 for Mr. Mohrman and $450 for Mr. Kaardal. *See, Mohrman Declaration, ¶¶9, 28 and Exhibit 16.* Most importantly, this Court approved Mr. Mohrman's reasonable hourly rate at $575.00 per hour in a §1983 action over three years ago in *Minnesota Majority v. Mansky*, Case No. 15-1682, Order (Jan. 8, 2019). Most recently, the U.S. District Court for the District of Minnesota approved Mr. Mohrman's reasonable hourly rate in another §1983 action at $600 per hour in *Minnesota Voters All. v. City of Saint Paul*, 19-CV-0358 (WMW/HB), 2021 WL 1100901, at *2–3 (D. Minn. Mar. 23, 2021) based on motion for attorney fees filed on May 18, 2020. *Id. ¶30 and Exhibit 18.* As set forth in the Mohrman Declaration, Mr. Mohrman expended a total of 93.10 hours (after Mr. Mohrman reviewed the time entries and exercised billing judgment) for work in this District Court in this case. *See, id., ¶¶37-42.*

Mohrman, Kaardal & Erickson also utilized the services of John Grzybek, a paralegal employed by Mohrman, Kaardal & Erickson, in representing Appellant in this appeal. Mr. Grzybek has been employed with Mohrman, Kaardal & Erickson since 2005 as a paralegal. Mr. Grzybek started as paralegal with Faegre & Benson in 1977 where he worked as a paralegal from 1979 to 1986. Mr. Grzybek then obtained a law degree from Vermont Law School in 1989 and practiced law in Minnesota from 1989 through 1993. From 1993 to 2005, Mr. Grzybek had his own business advising small businesses and non-profits. In 2005, Mr. Grzybek joined Mohrman, Kaardal & Erickson, P.A. as a paralegal and has worked as a paralegal for Mohrman, Kaardal & Erickson, P.A. continuously since 2005. *Id. ¶11.* The U.S. District Court for the District of Minnesota approved Mr. Grzybek's reasonable hourly rate in *Minnesota Voters All. v. City of Saint*

*Paul*, 19-CV-0358 (WMW/HB), 2021 WL 1100901, at *2–3 (D. Minn. Mar. 23, 2021) at $230 per hour. *Id. ¶30 and Exhibit 18.* As set forth in the Mohrman Declaration, Mr. Grzybek expended a total of 2.10 hours (after Mr. Mohrman reviewed the time entries and exercised billing judgment) for work in this District Court in this case. *See, id., e.g., ¶40.*

Ness' attorney's hourly rates set forth above should be approved as the prevailing market rate for First Amendment civil rights work in the Minneapolis area.

### 2. **Reasonable Amount of Hours Expended**.

The second step of the lodestar analysis is to determine the number of hours reasonably expended on the matter. Ness' attorney seek attorneys' fees for 335.64 hours of work performed in the District Court (before the 50% reduction).

The burden is on the Ness to present to the Court "evidence of the hours worked" "identifying the general subject matter of his time expenditures." *Hensley,* 461 U.S. at 433, 437 n. 2. However, the attorney "is not required to record in great detail how each minute of his time was expended." *Id.,* at 437 n. 2. Regardless, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a request hours that are excessive, redundant, or otherwise unnecessary." *Id.,* at 434.

As set forth in the Mohrman Declaration, Mr. Mohrman went through the entire billing history report of all time entries for Mohrman, Kaardal & Erickson's work for Ness in the District Court and reviewed every time entry to determine if the time charged was "excessive, redundant, [duplicative] or otherwise unnecessary." *See, Mohrman Declaration, ¶¶37-43.* To begin, every attorney and paralegal at Mohrman, Kaardal &

- 18 -

Erickson is expected to make contemporaneous time entries for the work that they perform each day and exercise billing judgment at that time to reduce or eliminate time entries which would be "excessive, redundant, [duplicative] or otherwise unnecessary." *See, Mohrman Declaration, ¶40.* Consistent with Mohrman, Kaardal & Erickson's billing practices, each of the attorneys and paralegals who performed work on these appeals recorded their time contemporaneously on the day the work was performed. *See, Mohrman Declaration, ¶37.*

Second, Ness' attorneys engaged in no "block billing" and billed in 1/10th of an hour increments. *See, Billing History Report attached to the Mohrman Declaration as Exhibit 1.*

Third, if Mr. Mohrman believed that if an entire time entry recorded by an attorney was "excessive, redundant, [duplicative] or otherwise unnecessary", Mr. Mohrman reduced time entries throughout the Billing History Report if Mr. Mohrman believed, in the exercise of billing judgment, that *some* the amount of the time incurred for the work performed was either "excessive, redundant, [duplicative] or otherwise unnecessary." With respect to those entries, Mr. Mohrman reduced the time incurred on each slip as "Do Not Bill Time." For instance, if an attorney spent 5.6 hours drafting a section of a brief and Mr. Mohrman concluded that only 3.6 hours should have been spent drafting that section of the brief, Mr. Mohrman would mark "2.0" hours in the "Do Not Bill Time" section of the timeslip. This would result in the time slip now showing 3.6 hours in billable time on the Billing History Report. *See, Mohrman Declaration, ¶39.*

Mr. Mohrman originally recorded 102.30 hours in time representing Ness in the

- 19 -

District Court.  After his review of these records, Mr. Mohrman reduced several time entries totaling 9.20 hours in reductions.  Therefore, Mr. Mohrman's total time sought in this motion is 93.10 hours.  Mr. Grzybek originally recorded 2.40 hours in time on the above captioned action.  After his review of these records, Mr. Mohrman reduced one time entry totaling 0.30 hours in reductions.  Therefore, Mr. Grzybek's total time sought in this motion is 2.10.  *See, Mohrman Declaration, ¶¶41-42.*

Likewise, Mr. Muise also reviewed the time sheets of for himself, attorneys Mr. Yerushalmi and Ms. Oliveri and the time sheets of American Freedom Law Center's paralegal, Cynthia Page. *See, Muise Declaration ¶13.* Mr. Muise originally recorded 173.57 hours in time representing Ness in the District Court.  After his review of these records, Mr. Muise reduced several time entries that were excessive, redundant, or unreasonable totaling 20.26 hours in reductions.  Therefore, Mr. Muise's total time sought in this motion is 153.31 hours.  *See, Muise Declaration ¶14 and Exhibit A*. Mr. Yerushalmi originally recorded 17.50 hours in time on the above captioned action.  After his review of these records, Mr. Muise reduced time entries that were excessive, redundant, or unreasonable totaling 2.50 hours in reductions.  Therefore, Mr. Yerushalmi's total time sought in this motion is 15.00.  *See, Id. and Exhibit B.*  Ms. Oliveri originally recorded 93.60 hours in time on the above captioned action.  After his review of these records, Mr. Muise reduced time entries that were excessive, redundant, or unreasonable totaling 24.22 hours in reductions.  Therefore, Ms. Oliveri's total time sought in this motion is 69.38.  *See, Id. and Exhibit C.*  Ms. Page originally recorded 3.75 hours in time on the above captioned action.  After his review of these records, Mr.

Muise reduced time entries that were excessive, redundant, or unreasonable totaling 1.0 hours in reductions.  Therefore, Ms. Page's total time sought in this motion is 2.75.  *See, Id. and Exhibit D.*  Mr. Muise, exercising his billing judgment, reduced any hours that were excessive, redundant, or unreasonable, including his own. *Id. at ¶14.*

In addition to the general law on the reasonableness of the hours expended, a few additional points are worth noting.  The greatest area of concern in exercising billing judgment on §1988 requests is for the attorney to remove time entries spent on claims for which the party did not prevail.  *Hensley,* 461 U.S. at 433, 437 n. 2.  As previously discussed, the Ness' attorneys reduced the requested attorneys' fees by 50% reflecting the understanding that Ness did not prevail on her claims against Michael Freeman in his official capacity as the Hennepin County Attorney and the two police officers.

The courts have also identified several other factors in determining the reasonableness of a §1988 attorney fee application.  To begin, this Court has held that a factor in examining the amount of time expended in a First Amendment case is whether the case will benefit the public generally.  *Jaquette v. Black Hawk County, Iowa*, 710 F.2d 455, 461 (8th Cir. 1983).  There is no question that the issues related to Ness' case will benefit the public generally because with the advent of technology, especially phones and the ability to photograph and video-tape spontaneously, people may readily use such devises to record issues of public concern without fear of reprisal in the City of

Bloomington.[1]

The Supreme Court has also noted that a defendant's objection will not be heard if the defendant put forth a vigorous defense to the claims in the matter. *City of Riverside,* 477 U.S. at 580 n.11. Here, the City did so as Ness fought its motion to dismiss. In fact, rather than utilize its own city attorneys, the City engaged Mr. John Baker from the prestigious law firm of Greene, Espel to represent the City.

Because of the legal and complexity of civil rights litigation, courts understand that extensive legal research is necessary in order that the client's case can be properly prepared. *Tomazzoli v. Sheedy,* 8094 F.2d 93, 97–98 n.5 (7th Cir. 1986). The Eighth Circuit has not before annunciated a principle of law regarding the photographing and video taping as acts entitled to First Amendment protection when the process ends up as the dissemination of information regarding a public controversy. This principle is applicable to other similar statutes throughout Minnesota and nationally that are content-based restrictions that seek to limit the use of photography or video recording in public settings that involve matters of public concern. It will also make municipalities or other governmental entities pause before passing a harassment ordinance or statute that may impinge on a person's First Amendment rights to free speech to record matters of public concern. In fact, numerous media organizations filed an amicus brief in support of Ness' position in the Eighth Circuit due to the important First Amendment interests at stake.

---

[1] Population of approximately 85,000.
https://www.census.gov/quickfacts/fact/table/bloomingtoncityminnesota/PST0452
19 (last visited, Sept. 14, 2021).

*See Br. of Amici Curiae The Reporters Committee for Freedom of the Press and 16*

*Media Organizations in Support of Appellant Seeking Reversal filed in the Eighth Circuit*

*attached to the Mohrman Declaration as Exhibit 24.*

Finally, as previously mentioned, as a result of this Court affirming the dismissal of the claims against the City of Bloomington and two police officers, and obtensibly the Hennepin County Attorney (as the claim regarding the state harassment statute was deemed moot), Ness' attorneys have reduced their fees by 50%. Meanwhile, the facts in this case were fully intertwined. As a result, all of the factual analysis and developed legal theories were the same for both the claim against the Hennepin County Attorney and the claim against the City of Bloomington. There should not be a reduction for any analysis of the facts or the development of the factual record or the creation of the legal theories. Finally, given the fact that the Eighth Circuit adopted an across the board 50% reduction of the total time Ness' attorneys worked in the appeal, this Court should apply the same analysis for the work in this Court and adopt a 50% reduction of Ness' attorney fee request. Indeed, the litigation in the appellate court mirrored the litigation in this Court.

Here, the total amount of hours devoted to this appeal of 335.64. Ness' attorneys are seeking 50% of this time, 167.82, in this motion based on the partial success. The amount of attorney time requested is reasonable.

These factors demonstrate that Ness' attorney hours should be approved as set forth in the Billing History Reports attached to the Muise and Mohrman Declarations.

**D. Fees Incurred to Prepare This Attorney Fee Motion**.

Ness also requests that this Court grant addition attorneys' fees for the preparation of this motion and for the notice of taxation of costs. Below is a summary table of the amounts sought for this motion:

| Name of Attorney | Amount of Hours | Fees |
|---|---:|---:|
| Robert Muise | 1.75 | $875.00 |
| William F. Mohrman | 9.80 | $6,027.00 |
| **Totals** | 11.55 | $6,902.00 |

Attached to the Mohrman Declaration as Exhibit 2 is the Billing History Report for the attorney time and expenses for preparing this motion. In addition, as set forth in the Muise Declaration, Mr. Muise expended 1.75 hours in preparing this fee motion. *Muise Declaration ¶17, Ex. A.* Both Mr. Mohrman and Mr. Muise reviewed the entries and exercised billing judgment. *Mohrman Declaration ¶48; Muise Declaration ¶ 17.* The attorneys' fees are reasonable. Ness requests this Court grant the total requested amount of $6,902.00 ($875.00 for the American Freedom Law Center and $6,027.00 for Mohrman, Kaardal and Erickson). *Id.; See Muise Declaration ¶17, Ex. A; Mohrman Declaration ¶48.*

Finally, Ness obviously had to prepare this Motion for Attorney Fees and Expenses. The appropriateness of the sum requested for preparation of the attorney fee motion is frequently measured on a percentile basis relative to the total hours expended in the litigation itself. *See e.g., Davis v. City of New Rochelle*, 156 F.R.D. 549, 561

- 24 -

(S.D.N.Y. 1994) (awarding 23% of hours claimed, and observing "[t]he Second Circuit has upheld attorneys' fees for fee applications ranging from 8 - 24% of the total time spent on litigation").  Here, Plaintiffs seek 11.55 hours which is 6.88% of the 167.82 hours in time Plaintiffs seek to recover in this motion.

### E.  Non-taxable Costs Incurred in This Action.

Finally, MKE seeks recovery of $100.00 for non-taxable expenses.  There is only one expense – the $100 filing fee for applying for Mr. Muise's admission to this Court *pro hac vice*.  *See, Mohrman Declaration ¶45 and Exhibit 23.*  The American Freedom Law Center seeks recovery of $967.06 non-taxable expenses.  The detail of these expenses are set forth in the Muise Declaration.  *See, Muise Declaration, ¶35 and Exhibit E (and invoices).*  The total non-taxable expenses sought are $1,067.06.

### 3.  Ness is Entitled to Interest on Any Judgement the Court Enters on Appellant's Attorney Fee Motion.

Under 28 U.S.C. §1961 (a), Ness is also entitled to post judgment interest on the award of attorney fees.  Pursuant to 28 U.S.C. §1961 (a), Ness is entitled to the weekly average of the one year treasury rate announced by the Board of Governors of the Federal Reserve Bank the week preceding the entry of judgment by this Court.

- 25 -

**CONCLUSION**

For the reasons set forth above, Ness requests that the Court grant her Motion for

Attorney Fees and Non-Taxable Costs and Expenses as set forth above.  Below is a table of

the amounts sought:

| Type of Work | | Amount |
|---|---|---|
| Work in the District Court - AFLC | | $52,690.75 |
| Work in the District Court - MKE | | $28,875.00 |
| Work on Fee Application – AFLC | | $875.00 |
| Work on Fee Application - MKE | | $6,027.00 |
| AFLC Non-taxable Expenses | | $967.06 |
| MKE Non-taxable Expenses | | $100.00 |
| Grand Total | | $89,534.81 |

Respectfully submitted,

**MOHRMAN, KAARDAL & ERICKSON, P.A.**

/s/ *William F. Mohrman*
William F. Mohrman, 168816
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
Tel: (612) 465-0928
Fax: (612) 341-1076
mohrman@mklaw.com

**AMERICAN FREEDOM LAW CENTER**

/s/ *Robert J. Muise*
Robert J. Muise, Esq.* (MI P62849)
PO Box 131098
Ann Arbor, Michigan 48113

Tel: (734) 635-3756
Fax: (801) 760-3901
rmuise@americanfreedomlawcenter.org
*Admitted *pro hac vice*

*Attorneys for Plaintiff*