UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SALLY NESS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CITY OF BLOOMINGTON; MICHAEL O. FREEMAN, in his official capacity as Hennepin County Attorney; TROY MEYER, individually and in his official capacity as a police officer, City of Bloomington; MIKE ROEPKE, individually and in his official capacity as a police officer, City of Bloomington,<br><br>　　　　Defendants. | Case No. 19-cv-2882 (ADM/DTS)<br><br>Hon. Ann D. Montgomery<br><br>**DECLARATION OF WILLIAM F. MOHRMAN IN SUPPORT OF PLAINTIFF SALLY NESS'S MOTION FOR ATTORNEY FEES AND NON-TAXABLE COSTS** |

　　　　I, William F. Mohrman, make the following declaration pursuant to 28 U.S.C. § 1746:

1.　　I am a 33.33% shareholder and founding shareholder of Mohrman, Kaardal & Erickson, P.A., a law firm located in downtown Minneapolis, Minnesota.

2.　　I have been in engaged in the private practice of law in the Minneapolis market since 1985.

3.　　Attached as Exhibit 1 to this Declaration is Mohrman, Kaardal & Erickson's Billing History Report for its representation of the Plaintiff Sally Ness in the above captioned action in the District Court. This Billing History Report is the document our firm generates from its time and billing software package, TimeSlips, for presenting our

firm's time and expenses on attorney's fee motions to a court.

4. Attached as Exhibit 2 to this Declaration is Mohrman, Kaardal & Erickson's Billing History Report for the preparation of Plaintiff's Motion for Attorney Fees and expenses.

5. This Declaration will set forth the facts supporting Plaintiff's Motion for Attorney Fees and Expenses. I have personal knowledge of the facts supporting this application for fees and expenses.

6. Mohrman, Kaardal & Erickson's practice focuses on representing small, medium and large business interests as well as individuals with legal needs. In addition, Mohrman, Kaardal & Erickson has a recognized specialty in handling complex constitutional civil rights litigation as well as complex appellate work. Attached as Exhibit 3 is a listing of significant constitutional and appellate cases attorneys in our firm have handled.

7. With respect to my own background, I graduated from the University of Colorado *,cum laude,* with a degree in political science in 1982. I graduated from the University of Colorado School of Law in 1985 earning an Order of the Coif (top 10% of the class). I immediately began practicing law in 1985. I started as an associate attorney with Faegre & Benson. I then joined Winthrop & Weinstine as an associate attorney in St. Paul in 1987. I then joined Felhaber, Larson, Fenlon & Vogt in 1992 as an associate attorney and became a shareholder with Fenlon in 1994. In 1998, I started my own practice, Mohrman & Company, P.A. In 2000, Erick G. Kaardal joined me as a partner changing the name of the firm to Mohrman & Kaardal, P.A. In 2013, Gregory M. Erickson, a

former partner at the Rider Bennett law firm, joined Mr. Kaardal and I as a shareholder and the name of the firm changed again to Mohrman, Kaardal & Erickson, P.A.

8. My practice focuses on litigation at both the trial and appellate level. While the primary focus of my practice has been on business litigation, a significant part of my practice has included representing individuals and organizations in constitutional and civil rights litigation in various state and federal courts, including election law cases. Attached as Exhibit 3 is a list of constitutional and appellate cases both I and my partner Erick G. Kaardal have worked on.

9. One case deserves special emphasis. I acted as lead counsel to judicial candidate Gregory J. Wersal in the *Republican Party of Minnesota, Gregory J. Wersal, et al v. White case,* the first Supreme Court case to address the First Amendment free speech rights of judicial candidates. As a result of my work on the *White* case, I was named an "Attorney of the Year" in 2002 by the Minnesota Lawyer, Minnesota's preeminent legal newspaper. In addition, more specifically to this case, I have represented a candidate accused of making false statements during a campaign in *Weinblatt v. Battaglia*, an administrative law proceeding involving the 2004 election for Minnesota's 4th Congressional District. I have also represented Prof. Teresa Collette, a law professor at St. Thomas University School of Law, in conjunction with a claim made against Prof. Collette in the Office of Administrative Hearings under Minn. Stat. §211B.06 during the 2010 election cycle.

10. I have previously been an adjunct professor at the University of St. Thomas School of Law in Minneapolis where I taught a course entitled "First Amendment – Free

Expression."

11.     Mohrman, Kaardal & Erickson also utilized the services of John Grzybek, a paralegal in our offices, in representing Plaintiff in this appeal. Mr. Grzybek has been employed with Mohrman, Kaardal & Erickson since 2005 as a paralegal. Mr. Grzybek graduated from Central Connecticut State College in 1977 with a B.A. degree in political science and history. Mr. Grzybek then attended Adelphi University in New York and obtained a degree in the legal assistant program in 1977. Mr. Grzybek started as paralegal with Faegre & Benson in 1977 where he worked as a paralegal from 1979 to 1986. Mr. Grzybek then obtained a law degree from Vermont Law School in South Royalton, Vermont in 1989. Mr. Grzybek moved back to Minnesota and practiced law in Minnesota from 1989 through 1993. From 1993 to 2005, Mr. Grzybek had his own business advising small businesses and non-profits. In 2005, Mr. Grzybek joined Mohrman, Kaardal & Erickson, P.A. as a paralegal and has worked as a paralegal for Mohrman, Kaardal & Erickson, P.A. continuously since 2005.

12.     The services performed in the above captioned appeal which are listed in the Billing History Reports attached as Exhibits 1 and 2, were reasonably and necessarily performed by Mohrman, Kaardal & Erickson in representing the Plaintiff Sally Ness in her appeal.

13.     Furthermore, the rates billed for the services performed by me and our paralegal at Mohrman, Kaardal & Erickson in the above captioned appeal are accurately listed in Exhibits 1 and 2 according to each service that was performed on Plaintiff's behalf. The rates charged reflect the current prevailing market rate for these attorneys and paralegals

4

for performing complex constitutional litigation on comparable cases in the Minneapolis market for attorneys with comparable skill, experience, and reputation.

14.     The reasonable hourly rates are $615.00 per hour for myself and $235.00 per hour for our paralegal, Mr. John Grzybek.

15.     In order to provide evidentiary support for our argument that the rates set forth above are the prevailing reasonable market rates for the attorneys and paralegals, I have attached as Exhibits 4 through 12 Minnesota federal court decisions approving attorney fee applications as well as supporting document filed in some of those cases.

16.     Attached as Exhibit 4 is *Owner Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.,* CIV. 05-2809 JRT/JJG, 2012 WL 6760098 (D. Minn. 2012). Using the lodestar analysis in a case involving a statutory insurance claim, U.S. District Court Judge Tunheim, relying on Affidavit of Timothy R. Schupp, found that an hourly rate of $495 per hour was a reasonable prevailing market rate for four attorneys with legal practice experience ranging from 46 years to 23 years. The Court also found $435 per hour a reasonable prevailing market rate for an attorney with 12 years of experience.

17.     Attached as Exhibit 5 is *Madison v. Willis,* No. 09–930, 2011 WL 851479, (D. Minn. Mar. 9, 2011). In *Madison,* U.S. District Court Judge Donovan Frank recently noted that "$600 per hour is the upper end of what is reasonable in the prevailing community" in Minneapolis/St. Paul. *Madison v. Willis,* No. 09–930, 2011 WL 851479, at * 1 & n. 4 (D. Minn. Mar. 9, 2011).

18.     Attached as Exhibit 6 is *Rosen v. Wentworth*, CIV. 12-1188 ADM/FLN, 2014 WL 1384084 (D. Minn. 2014). In *Rosen,* U.S. District Court Judge Ann Montgomery

5

awarded a $450 per hour rate for an attorney with over 20 years of experience in the Minneapolis/St. Paul market. Moreover, U.S. District Court Judge Ann Montgomery approved a prevailing hourly rate in the Minneapolis/St. Paul market of $225 per hour for an attorney with less than three years of experience.

19. Attached as Exhibit 7 is *King v. Turner,* 05–CV–0388, 2007 WL 1219308, at *2 (D. Minn. Apr. 24, 2007). In *King,* the Court approved a rate of $500 per hour as a prevailing hourly rate for an attorney in Minneapolis/St. Paul market.

20. The reasonable hourly rates Mohrman, Kaardal & Erickson are seeking under the lodestar method in this motion compare very favorably with those the U.S. District Court for the District of Minnesota has approved in the last four years. First, in *Owner Operator Indep. Drivers Ass'n, Inc.,* the Court approved an hourly rate of $495 per hour for attorneys with anywhere from 45 to 23 years of experience. As set forth above, I have 36 consistent years of experience working as an attorney and I am seeking approval of my hourly rate at $615 per hour.

21. Attached as Exhibit 8 is *Harris v. Chipotle Mexican Grill, Inc.*, 13-CV-1719 (SRN/SER), 2018 WL 617972, (D. Minn. Jan. 29, 2018), a 2018 U.S. District Court for the District of Minnesota decision ruling on reasonable hourly rates in the Minneapolis/St. Paul market. In *Harris,* Judge Susan Nelson approved a prevailing market rate under the lodestar method of $575 per hour for attorneys with 33 and 35 years of experience and $525 per hour with 24 years of experience. *Harris v. Chipotle Mexican Grill, Inc.*, 13-CV-1719 (SRN/SER), 2018 WL 617972, at *8 (D. Minn. Jan. 29, 2018). In addition, Judge Susan Nelson in *Harris* also approved a reasonable hourly rate

of $300 per hour for an attorney with only four years of experience. The hourly rates Mohrman, Kaardal & Erickson are seeking in this motion are fully consistent with Judge Nelson's ruling in *Harris.*

22. Attached as Exhibit 9 is *Ewald v. Royal Norwegian Embassy*, 11-CV-2116 (SRN/SER), 2015 WL 1746375, at *6 (D. Minn. Apr. 13, 2015), a U.S. District Court for the District of Minnesota decision ruling on reasonable hourly rates in the Minneapolis/St. Paul market over three years ago. In *Ewald,* the U.S. District Court for the District of Minnesota approved an hourly rate of $215 per hour for a paralegal for work performed in 2012 where the paralegal had only 30 years of *solely paralegal experience*. *Ewald v. Royal Norwegian Embassy*, 11-CV-2116 SRN/SER, 2015 WL 1746375, at *6 (D. Minn. Apr. 13, 2015). As set forth above, Mohrman, Kaardal & Erickson's paralegal, Mr. Grzybek, is a graduate of the University of Vermont School of Law and over 35 years of experience as paralegal and an attorney.

23. Attached as Exhibit 10 is *In re RFC,* 399 F. Supp. 3d 827, 848 (D. Minn. 2019). In Finally, *In re RFC,* Judge Susan Nelson approved an hourly rate of $650 per hour for a senior attorney at Quinn Emanuel.

24. As set forth above, attached as Exhibit 5 is a copy of *Madison v. Willis*, CIV. 09-930 DWF/AJB, 2011 WL 851479 (D. Minn. Mar. 9, 2011) in which Judge Donovan Frank approved an hourly rate of $600 per hour for a senior attorney in Minneapolis. Attached as Exhibit 11 is the Affidavit of Ryan Vettleson in support of that motion. In addition, attached as Exhibit 12 is a copy of Eric Hageman's Affidavit opining that Robert Bennett's reasonable hourly rate in *Madison* on December 22, 2010 was $600 per

7

hour. According to the Minnesota Office of Lawyer's Professional Responsibility, Mr. Bennett was admitted to the Minnesota Bar in October, 1976. I was admitted to the Minnesota Bar in October, 1985. I currently have about the same years of experience as Mr. Bennett had in 2011 when the Court approved his hourly rate at $600 per hour.

25. Attached as Exhibit 13 is copy of the Fourth Judicial District Order filed on May 16, 2019, in *Flores, et al v. Zorbalas, et al,* Case No. 27-CV-16-14225. At issue in this Order was Faegre Baker Daniel's (n/k/a Faegre Drinker) motion for attorney fees related to the Defendants' breach of a settlement agreement. Faegre's motion was based on the lodestar method. In her Order, Judge Mary Vasaly specifically found that the rates Faegre sought were reasonable. Attached as Exhibit 14 is a copy of the declaration of Michael Cockson, a partner with Faegre. In the declaration, Mr. Cockson opines that the following rates he and his colleagues sought were reasonable:

| Mr. James Volling | 42 years of experience | $930 per hour |
|---|---|---|
| Mr. Cockson | 22 years of experience | $760 per hour |
| Mr. Nicholas Zylstra | 18 years of experience | $570 per hour |
| Research Librarians | Unknown experience | $300 per hour |

26. Judge Vasaly specifically found that these rates are reasonable in the Minneapolis-St. Paul legal market.

27. Attached as Exhibit 15 is a copy of the Eighth Circuit's Order in *281 Care Committee v. Arneson*, Case No. A13-1229, Order (Sept. 16, 2014) granting the *281 Care*

*Committee* Plaintiffs' motion for attorney fees. I filed the motion in *281 Care Committee on behalf of the 281 Care Committee Plaintiffs*. In that attorney fee motion, filed over four years ago, we sought a reasonable hourly rate of $475 per hour for myself. The total attorney fees sought in that motion was $206,577. The Eighth Circuit, in its October 15, 2014 Order, awarded Plaintiffs $185,000 for their attorney fees in a one paragraph Order.

28. Attached as Exhibit 16 is a copy of the Eighth Circuit's Order in *Minnesota Majority v. Mansky*, Case No. 15-1682, Order (Jan. 8, 2019) granting the *Minnesota Majority* Plaintiffs' motion for attorney fees. Mr. Mohrman filed the motion in *Minnesota Majority* on behalf of the *Minnesota Majority* Plaintiffs. In that attorney's fee motion, filed twenty months ago, we sought a reasonable hourly rate of $575 per hour for myself and $225 for Mr. Grzybek. The total attorney fees and expenses sought in that motion was $419,498.62. The Eighth Circuit, in its January 8, 2019 Order, awarded Plaintiffs $411,895.45 for their attorney fees before the Supreme Court and the Eighth Circuit – a 1.81% reduction. In addition, Ramsey County, Hennepin County, and the State of Minnesota did not object to the hourly rates sought in the motion and the Eighth Circuit found the rates to be reasonable.

29. Attached as Exhibit 17 is *Bollom v. Brunswick Corp.*, CV 18-3105 (MJD/HB), 2021 WL 1195739 (D. Minn. Mar. 30, 2021). In *Bollom,* Judge Michael Davis approved an hourly rate of $650 per hour for a *six year associate attorney* at Faegre Drinker Biddle & Reath, the successor in interest to Faegre Baker Daniels.

30. Attached as Exhibit 18 is *Minnesota Voters All. v. City of Saint Paul*, 19-CV-0358 (WMW/HB), 2021 WL 1100901, at *2–3 (D. Minn. Mar. 23, 2021). In *Minnesota Voters*

9

*All.,* Judge Wilhelmina Wright approved an hourly rate of $600 per hour for me and $230 per hour for Mr. Grzybek.

31.     Attached as Exhibit 19 is a true and correct copy of a blog post from Susan Kostal on the website "Attorneys at Work." Attorneys at Work is an internet blog dedicated to the attorney profession. Its website address is https://www.attorneyatwork.com/. On Attorneys at Work's website, in the about section, the site cites a quote from the American Bar Association naming Attorneys at Work as one of the top 100 blogs on profession of attorneys and contains the following quote:

> *"The bloggers of Attorney at Work truly fulfill the promise of their slogan: 'One really good idea every day for enterprising lawyers.' Law practice management may not be for the faint of heart, but the tips and tricks offered by this blog can make it easier." — ABA Journal Blawg 100 Hall of Fame.*

32.     Ms. Kostal is a legal affairs PR, marketing and content strategy consultant based in San Francisco. She is a contributing editor for Attorney at Work and previously wrote a monthly column, *Content Under Pressure*. Ms. Kostal has covered legal affairs as a journalist for nearly three decades.

33.     In her blog post attached as Exhibit 19, which Ms. Kostal states she originally wrote on February 5, 2021, Ms. Kostal cites to a study done of attorney fee rates from 2019 to 2020 by Clio. Clio is developer of software exclusively for the legal profession. Approximately five years ago, Clio began publishing an annual survey of attorney fee rates entitled the Clio Legal Trends Report. As stated in Exhibit 18, Clio found that attorney billing rates rose 4.9% from 2019 to 2020 generally and 6.9% for attorney billing rates for constitutional work.

34. Also, I have attached as Exhibit 20 the Reply Affidavit of Ryan Vettleson, the attorney who submitted the attorney fee application in *Madison v. Willis*, CIV. 09-930 DWF/AJB, 2011 WL 851479 (D. Minn. Mar. 9, 2011). In paragraph 5 of the Reply Affidavit, Mr. Vettleson testifies that his firm requested $12,000 in attorney fees in preparing the motion for attorney fees and an additional $11,700 in attorney fees in preparing the reply to defendant's opposition to the motion plus additional costs. In his Order, Judge Frank granted the entire request for $12,000 in preparing the motion for attorney fees and reduced the amount requested for attorney fees and costs on the reply to $9,796.50. Thus, Judge Frank awarded $21,796.50 to the *Madison* plaintiff for work on the attorney fee motion *in 2011*. *See,* Exhibit 5.

35. The reasonable hourly rates Mohrman, Kaardal & Erickson and the American Freedom Law Center are seeking under the lodestar method in this motion compare very favorably with those the U.S. District Court for the District of Minnesota has in the cases attached as Exhibits 4-10 and 17-18. During 2020, attorney billing rates increased by 4.9% generally and 6.9% for constitutional work. *See,* Exhibit 19. Moreover, the rates for myself and Mr. Muise are well within the hourly rates approved by Judge Mary Vasaly in the Hennepin County District Court on May 16, 2019 of $930 per hour for Mr. James Volling and $760 per hour for Mr. Michael Cockson. *See,* Exhibits 13 and 14 attached to this declaration. Finally, in the *Flores* case, Judge Vasaly also approved hourly rates of $300 per hour for Faegre's "research librarians." *Id.* Mr. Grzybek is a paralegal with over 35 years of experience as well as being a law school graduate. Seeking $235 for Mr. Grzybek is certainly reasonable.

11

36. Finally, Ness' attorneys are requesting the same hourly rates in this motion as they sought in the motion for attorney fees filed in the Eighth Circuit on September 16, 2021. *See, Ness' attorney fee motion made to the Eighth Circuit attached as Exhibit 21 and the Eighth Circuit's Order on the Ness' attorney fee motion attached as Exhibit 22.* As set forth in the Memorandum accompanying this motion, while the Eighth Circuit did not specifically rule on the amount of the reasonable hourly rates of the attorneys working on this matter, the Eighth Circuit applied an across the board 50% reduction in the total time Ness' attorneys incurred in the Eighth Circuit. Based on the Eighth Circuit's decision, it is implicit that the Eighth Circuit did not reduce the amount of the reasonable hourly rates of the attorneys working on this matter requested in the Eighth Circuit. Rather, the Eighth Circuit applied an across the board 50% reduction to the reasonable amount of the total time those attorneys incurred at the Eighth Circuit. As a result, it is implicit that the Eighth Circuit approved the reasonable hourly rates Ness' attorneys requested.

37. All time expended by Mohrman, Kaardal & Erickson was recorded by its attorneys contemporaneously with the work being performed by the attorney performing the work.

38. This case was not "overlawyered." The two law firms worked in conjunction and in cooperation to ensure little if any duplicative work occurred. Given the nature of the constitutional issues, it was indispensable for both Mr. Muise and I to be intimately involved in the appeal. Nevertheless, I have made every reasonable effort to ensure that the matter was handled efficiently and economically.

39. As part of my responsibility as a shareholder with Mohrman, Kaardal and

Erickson is to review the time entries submitted with this fee application, I have reviewed and approved each and every time entry charged on the attached Billing History Reports and have exercised appropriate billing judgment to ensure that all charges were reasonable and necessary to this litigation. In my review, if I believed that the time recorded in a time entry by an attorney was "excessive, redundant, [duplicative] or otherwise unnecessary", I reduced time entries throughout the Billing History Report if I believed, in the exercise of my billing judgment, that the amount of the time incurred for the work performed was either "excessive, redundant, [duplicative] or otherwise unnecessary." With respect to those entries, I reduced the time incurred on each slip as "Do Not Bill Time." For instance, if an attorney spent 5.6 hours drafting a section of a memorandum and I concluded that only 3.6 hours should have been spent drafting that section of the brief, I would mark "2.0" hours in the "Do Not Bill Time" section of the time slip. This would result in the time slip now showing 3.6 hours in billable time on the Billing History Report.

40. I would also note that attorneys at our firm are expected to utilize billing judgment as they record their time, including myself. As a matter of firm policy, if any attorney believes he or she was not as efficient as he or she should be with respect to a particular matter, the expectation is to reduce the time accordingly at the time of making time entries.

41. In performing my work to review the billings set forth in Exhibit 1, I reduced 9.20 hours of my time by marking 9.20 hours as "Do Not Bill Time" on several specific time entries on 22 separate time entries. In addition, I reduced 0.30 hours of Mr. John Grzybek

13

time by marking one time entry 0.30 hours as "Do Not Bill Time." As a result, the total time we spent on this the work in the District Court was 104.70 hours reduced by 9.50 hours for a total of 95.20 hours in time. These reductions are already reflected in Exhibit 1.

42. Based on the 95.20 hours in time, our law firm's reasonable amount of fees incurred in for work in the District Court is $57,750.00 based on the reasonable hourly rates for myself and Mr. John Grzybek. Again, the amount of $57,750.00 already reflects the reductions I made reducing 9.50 hours by marking 9.50 hours as "Do Not Bill Time."

43. After calculating the total amount of attorney's fees, I am also making a 50% reduction to reflect the work performed against Defendants Hennepin County and the two police officers, Troy Meyer and Mike Roepke whose dismissal the Eighth Circuit affirmed. My analysis of this reduction is that the facts in the case were essentially the same against all parties. Thus, any work related to review and development of the factual record is still recoverable against the City of Bloomington because the claims against the City of Bloomington arise out of common core of facts. However, the legal analysis regarding the claims against Hennepin County and the two officers are not recoverable. As a result, I have made a 50% reduction in the amount of attorneys' fees sought. Finally, I also based this decision based on the Eighth Circuit decision to reduce the amount sought for the same work before the Eighth Circuit.

44. After making the 50% reduction to the $57,750.00 in time reflected in Exhibit 1, the amount of attorney fees we are seeking in this motion is $28,875.00 for the work in the District Court.

45. Mohrman, Kaardal & Erickson incurred nontaxable costs of $100.00 for the filing fee for the motion to admit Robert J. Muise *pro hac vice* [ECF No. 14] which motion was granted by text order [ECF No. 15]. In addition, Ness is filing a Bill of Costs for taxable costs for the filing fee of $400 and costs of serving the Summons on the City of Bloomington of $79.00. Attached as Exhibit 23 is a copy of the email from the Court for the $100 filing fee.

46. Finally, I would like to provide the Court with some context regarding why the result in this case was excellent. This Court did find that the Bloomington harassment ordinance unconstitutional as applied to Ness's photography and video recording:

> If the act of making a photograph or recording is to facilitate speech that will follow, the act is a step in the "speech process," and thus qualifies itself as speech protected by the First Amendment…
>
> The acts of taking photographs and recording videos are entitled to First Amendment protection because they are an important stage of the speech process that ends with the dissemination of information about a public controversy.

*Ness v. City of Bloomington,* 20-2571, 2021 WL 3918886, at *5 (8th Cir. Sept. 2, 2021).

47. To determine the level of scrutiny of the offending ordinance, this Court found it to be content-based as applied to the facts of the underlying matter. *Id.* The Court determined that the Bloomington ordinance was *not* narrowly tailored to what Ness sought to accomplish; to photograph and video record a matter of public interest– purported violations of permits issued by the City. The Court "assume[d] that a narrowly tailored ordinance aimed at protecting children from intimidation and exploitation could pass strict scrutiny," as the City contended. *Id.* at *6. However, there was no intent to

15

harass, intimidate, or exploit children by Ness. *Id.* Hence, this Court found the ordinance "significantly overinclusive with respect to the City's asserted interest…[and] not narrowly tailored and fails strict scrutiny as to Ness's proposed conduct." *Id.* So, here, for the first time, this Court would recognize that the acts of taking photographs and recording videos are entitled to First Amendment protection as part of the speech process regarding matters of public concern.

48.     In regard to the motion for attorney fees, both firms, the American Freedom Law Center and Mohrman, Kaardal and Erickson, P.A. have expended time in the motion's preparation. As the declaration of Robert J. Muise reveals, he spent 1.75 hours on the motion or $875.00 in attorney's fees preparing his declaration. My law firm, handled most of the work spending 9.80 hours on the motion for $6,027.00 in attorney's fees. I exercised billing judgment and the originally recorded time of 11.90 and reduced 2.10 hours in time in arriving at the 9.80 hours.  The billing history for the fee application for my law firm is attached as Exhibit 2. For the sake of convenience, the table below shows the complete breakdown:

| Name of Attorney/Paralegal | Amount of Hours | Fees |
|---|---:|---:|
| Robert Muise | 1.75 | $875.00 |
| William F. Mohrman | 9.80 | $6,027.00 |
| **Totals** | 11.55 | $6,902.00 |

49.     As set forth above, we are also seeking $100.00 for non-taxable expenses for the filing fee of applying for Mr. Muise's admission to this Court *pro hac vice*.  These

16

expenses are set forth in Exhibit 23.

50. Finally, attached as Exhibit 24 is the Amicus Brief filed in the Eighth Circuit by The Reporters Committee for Freedom of the Press and 16 Media Organizations in Support of Ness.

51. Therefore, Mohrman, Kaardal & Erickson is seeking a total recovery of the following (after the 50% fee reduction for work in the District Court:

| Type of Work | | Amount |
| --- | --- | --- |
| Work in the District Court - AFLC | | $52,690.75 |
| Work in the District Court - MKE | | $28,875.00 |
| Work on Fee Application – AFLC | | $875.00 |
| Work on Fee Application - MKE | | $6,027.00 |
| AFLC Non-taxable Expenses | | $967.06 |
| MKE Non-taxable Expenses | | $100.00 |
| Grand Total | | $89,534.81 |

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 24th day of January, 2022.

*s/William F. Mohrman*
William F. Mohrman

17