UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sally Ness,

        Plaintiff,

v.

City of Bloomington; Michael O. Freeman, in his official capacity as Hennepin County Attorney; Troy Meyer, individually and in his official capacity as a police officer, City of Bloomington; Mike Roepke, individually and in his official capacity as a police officer, City of Bloomington,

        Defendants,

Attorney General's Office for the State of Minnesota,

        Intervenor.

**MEMORANDUM OPINION AND ORDER**
Civil No. 19-2882 ADM/DTS

_____

William F. Mohrman, Esq., Mohrman, Kaardal & Erickson, P.A., Minneapolis, MN, and Robert J. Muise, Esq., American Freedom Law Center, Ann Arbor, MI, on behalf of Plaintiff.

John M. Baker, Esq., and Katherine M. Swenson, Esq., Greene Espel PLLP, Minneapolis, MN, on behalf of Defendant City of Bloomington.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Sally Ness' ("Ness") Motion for Attorney Fees and Non-taxable Costs [Docket No. 113]. Ness seeks an award of $89,534.81 in attorney's fees and non-taxable costs against Defendant City of Bloomington ("City"). The City has filed a Response [Docket No. 121] arguing that the amount of attorney's fees should be substantially reduced to reflect Ness' limited degree of success in this lawsuit. For the reasons stated below, the Motion is granted in part and denied in part.

## II. BACKGROUND

### A. Ness' Photographing and Filming

Ness is a City resident and lives in the Smith Park neighborhood. An elementary charter school is located adjacent to a public park, Smith Park. A joint use agreement between the City and the school building's owner allows the school to use Smith Park as a recess playground.

From September 2018 to September 2019, the City received three complaints that Ness was filming or photographing children as they arrived at the school and as they played in Smith Park. Ness undertook these activities to document her concerns about the overuse of Smith Park. She posted the videos and photographs on social media to comment publicly on her dispute with City authorities about the school's use of the park.

Two City police officers responded to one of the complaints in August 2019 and told Ness that if the children felt threatened by her filming she could be arrested for violating Minnesota's harassment statute, Minn. Stat. § 609.749 (2019). Ness was also told by two City police detectives in October 2019 that there could be a harassment case based on her recording of the school's alleged overuse of Smith Park.

On October 28, 2019, the City passed an ordinance prohibiting the photography and recording of children in City parks. Bloomington, Minn. City Code § 5.21(23). A violation of the ordinance is punished as a petty misdemeanor. Id. § 5.22.

### B. Lawsuit and District Court Proceedings

In November 2019, Ness sued the City, the two City police officers, and the Hennepin County Attorney under 42 U.S.C. § 1983, challenging the constitutionality of the harassment statute and City ordinance and alleging violations of the First and Fourteenth Amendment. See

generally Compl. [Docket No. 1].  Ness sought a declaration that the harassment statute and the City ordinance were unconstitutional on their face and as applied to her First Amendment right to photograph and film in a public forum.  Id. at 22.  She also sought injunctive relief and nominal damages.  Id.

On November 27, 2019, Ness filed a motion for a preliminary injunction to enjoin all Defendants from enforcing the harassment statute, and to prevent the City Defendants from enforcing the City ordinance.  Mot. Prelim. Inj. [Docket No. 16].  The Court denied the motion in its entirety.  Mem. Op. Order, Feb. 3, 2020 [Docket No. 53].

In early 2020, the City Defendants and the Hennepin County Attorney separately moved to dismiss Ness' claims, and Ness moved for summary judgment on all her claims.  City Mot. Dism. [Docket No. 66]; County Mot. Dism. [Docket No. 61]; Ness Mot. Summ. J. [Docket No. 77].  The Minnesota Attorney General intervened for the purpose of defending the constitutionality of the harassment statute.  See Notice Intervention [Docket No. 60].

In July 2020, the Court granted all Defendants' motions to dismiss and denied Ness' motion for summary judgment.  Mem. Op. Order, July 23, 2020 [Docket No. 94].  The Court held that Ness lacked standing to challenge the constitutionality of the harassment suit, that the police officers were entitled to qualified immunity for their alleged threat to enforce the harassment statute, and that the Complaint failed to plausibly allege that the City ordinance violated the First Amendment.

## C. Appeal

Ness appealed, and the Eighth Circuit affirmed the dismissal of Ness' case except for the as-applied claim against the City regarding the City ordinance.  Ness v. City of Bloomington, 11

F.4th 914 (8th Cir. 2021). The Eighth Circuit held that Ness' challenge to the 2019 harassment statute was moot because the statute was amended in 2020. Id. at 920. The Eighth Circuit also affirmed the dismissal of Ness' claims for nominal damages against the police officers and the City based on the former harassment statute. Id. at 921–22.

As to Ness' claims challenging the City ordinance, the Eighth Circuit reversed and directed entry for judgment on Ness' claim that the City ordinance "is unconstitutional as applied to Ness's photography and video recording of matters relating to a public controversy at Smith Park on which she based this lawsuit." Id. at 924. The Eighth Circuit did not reach Ness' claim that the City ordinance was facially unconstitutional. Id.

**D. Eighth Circuit Fee Award**

After the appeal, Ness moved for an award of attorney's fees for fees incurred in the Eighth Circuit litigation. Ness stated that she had incurred fees of $60,442.67 to litigate the appeal, but acknowledged that this amount must be adjusted downward to account for her unsuccessful claims against the County Attorney and the City police officers. Ness proposed a 25% reduction to $45,332.00. In a summary order, the Eighth Circuit imposed a 50% reduction, awarding Ness $30,220 for attorney's fees incurred in litigating the appeal.

Ness also requested $8,981.17 in attorney's fees incurred to prepare the attorney fee motion. The Eighth Circuit awarded $4,809.25, which represents approximately 53% of the amount requested.

**E. Attorney Fee Motion**

Ness now moves for an award of attorney's fees for fees incurred in the district court litigation. Ness' attorneys' billing records show fees of $163,131.50 for work performed in

district court from September 10, 2019, to September 30, 2021. Mem. Supp. Mot. [Docket No. 114] at 10; Muise Decl. [Docket No. 117] Exs. A–D; Mohrman Decl. [Docket No. 118] Ex. 1. This amount does not include time entries that were eliminated after exercising business judgment. Mem. Supp. Mot. at 18–21.

Ness acknowledges that this amount must be adjusted downward to account for her partial success. She contends that a 50% reduction to $81,565.75 is appropriate based on the Eighth Circuit's 50% reduction of her fee request in that forum.

In addition to this amount, Ness seeks to recover $6,902.00 for her attorneys' work in preparing the attorney fee motion, and $1,067.06 in non-taxable costs.

The City argues that the amount of fees is not reasonable because the fee request includes 44 time entries for work performed wholly on claims on which Ness did not prevail. The City contends that these time entries, which total over $39,000, must be subtracted from Ness' starting point of $163,131.50, resulting in a new starting figure of $123,334.

The City further argues that the new starting figure should be reduced by 50% to isolate the work done on Ness' sole successful claim, and that the remaining amount ($61,667) should be further reduced by 50% to reflect Ness' limited success on her first Amendment claim against the City ordinance. The resulting fee award advocated by the City is $30,833.50.

### III. DISCUSSION

A. Attorney's Fees

In an action to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. § 1988(b).

The City does not dispute that Ness is a prevailing party. Therefore, the only issue is whether the attorney's fees sought by Ness are reasonable.

The starting point for determining a reasonable attorney's fee is the "lodestar" calculation, which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005). To determine whether an hourly rate is reasonable, the Court looks to the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). In calculating a reasonable fee amount, courts should exclude hours that were not "reasonably expended," such as excessive or redundant hours, or instances where overstaffing or poor billing judgment has occurred. Hensley, 461 U.S. at 434. Additionally, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." Id. at 440.

After determining the lodestar rate, the district court considers whether the fee should be adjusted upward or downward based on other factors, with the "most critical factor" being the plaintiff's degree of success. Id. at 436. "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Id. at 440.

The district court is afforded broad discretion in determining the reasonableness of an attorney fee award "because it has the greatest exposure to, and therefore understanding of, the proceedings before it." Shrader v. OMC Aluminum Boat Grp., Inc., 128 F.3d 1218, 1220 (8th

Cir. 1997). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437.

### 1. Hourly Rate

In determining the reasonableness of Ness' requested fees, the Court first considers the reasonableness of her attorneys' hourly rates. The City does not challenge the hourly rates charged by Ness' legal team, which range from $300-$615 (including time billed by a civil rights litigator with 36 years of experience), and $235 for two paralegals (each with more than 30 years of experience). Mem. Supp. Mot. at 12-13; Muise Decl. ¶¶ 9–35; Mohrman Decl. ¶¶ 7–35.

Similar rates for civil rights litigators with comparable experience have been deemed reasonable in this district. See Minnesota Voters All. v. City of Saint Paul, No. 19-358 WMW, 2021 WL 1100901, at *2-4 (D. Minn. Mar. 23, 2021) (concluding that hourly billing rates of $600 for civil litigator with 35 years of experience and $230 for paralegal with 37 years of experience were reasonable); Madison v. Willis, No. 09-930 DWF, 2011 WL 851479, at *1 (D. Minn. Mar. 9, 2011) (approving rates of $180-$600 per hour for attorneys in a § 1983 action). Accordingly, the Court finds that the requested hourly rates are reasonable.

### 2. Hours Expended

The City challenges the reasonableness of the hours expended, arguing that Ness' attorney fee request includes 44 time entries totaling $39,797.50 for work performed entirely on unsuccessful claims. See Swenson Decl. [Docket No. 120] Ex. A (listing 44 time entries to which the City objects). The City argues that these time entries should be subtracted from Ness' starting lodestar calculation of $163,131.50.

The challenged time entries fall into four groups. The first group consists of all entries before November 4, 2019, the date that the time records first mention the City ordinance. See id. at Entry ID#s 1–28. The City argues that Ness seeks to recover fees for work her attorneys performed starting in September, 2019, yet the City ordinance was not adopted until October 28, 2019, and was not referenced in the time records until November 4. See Muise Decl.Ex. A at 1 (Muise entry for 11/4/2019: "Revising complaint; adding new city ordinance and additional facts.").

The Court agrees that the time entries preceding November 4 must be excluded because they do not reflect legal work on the City ordinance, which did not exist until October 28 and was not referenced in the time records until November 4. This group of excluded time entries consists of 28 entries totaling $22,296.67. See Swenson Decl. Ex. A at Entry ID#s 1–28.

The second group of entries challenged by the City includes work performed after April 25, 2020, the date that summary judgment briefing was completed on Ness' challenges to the City ordinance. The group consists of six entries. One entry was for 30 minutes spent inquiring with the Court about whether a hearing would be held and reviewing the Court's COVID-related general orders. See id. at Entry ID# 39. This brief time entry totaling $307.50 is compensable as time reasonably expended because the work was performed on April 29, 2020, and the hearing was not cancelled until May 4, 2020. The entry will not be deducted from Ness' requested fees. The remaining five entries are for work in responding to the Attorney General's brief. These five entries will be excluded because the Attorney General's brief addressed the constitutionality of the harassment statute but not the City ordinance. See id. at Entry ID#s 40-44. The five excluded time entries in this group total $7,833.66.

The third group includes time entries that the City argues relate to work performed between November 4, 2019 and April 25, 2020, solely on claims against other defendants or failed claims against the City. These entries include research on the harassment statute, responding to the Hennepin County Attorney's Motion to Dismiss and reviewing the Attorney General's memorandum of law (neither of which addressed the constitutionality of the City Ordinance), research on qualified immunity (which was relevant only to Ness' failed claims against police officers), and research on injunction and abstention issues (which were relevant only to claims challenging the harassment statute and to relief that Ness did not obtain). The Court concludes that eight entries in this group must be excluded because they compensate work that was performed entirely on claims on which Ness did not prevail. See id. at Entry ID#s 29–32, 34, 35, 37, 38. This group of eight excluded entries totals $7,142.67.

The fourth group of challenged time entries consists of two miscellaneous time entries—one for refiling documents that had been filed in error, and the other for 6.57 hours of research that the City contends was excessive or redundant. See id. at Entry ID#s 33, 36. The Court agrees that these entries should be excluded as excessive or redundant using the same billing judgment that would apply in the private sector. This group of two excluded entries totals $2,217.

Based on the above, the Court finds that of the 44 entries challenged by the City, 43 time entries totaling $39,490 should be excluded from Ness' starting lodestar calculation of $163,131.50. Once these 43 entries are eliminated, the resulting lodestar amount is $123,641.50 for fees incurred in the district court litigation.

### 3. Adjustment for Degree of Success

Ness contends that a 50% reduction to the lodestar amount for fees incurred in the district court litigation is appropriate based on the Eighth Circuit's 50% reduction of her attorney fee request in that forum. The City argues that after this initial 50% reduction, the remaining amount should again be reduced by 50% to reflect Ness' limited success on her First Amendment claim against the City ordinance, for an overall reduction of 75%.

The Court will reduce the $123,641.50 lodestar amount by 60% based on Ness' limited degree of success in this lawsuit. This reduction properly accounts for Ness' complete lack of success against all Defendants except the City. The reduction also reflects Ness' minimal success on the relief she sought regarding the City ordinance. Ness sought damages but received none. Her effort to have the City ordinance declared facially invalid also failed. Ness' relief was limited to a ruling that the City ordinance violates the First Amendment "as applied to Ness' photography and video recording of matters relating to a public controversy at Smith Park on which she based this lawsuit." Ness, 11 F.4th at 924; Am. J. [Docket No. 108] ¶ 3. Accordingly, the Court will award 40% of the $123,641.50 lodestar amount for fees incurred in the district court litigation, which amounts to $49,456.60.

In addition to the fees incurred in the district court litigation, Ness seeks recovery of $6,902.00 for 11.55 hours spent preparing the attorney fee motion. Nearly all of the work on the attorney fee motion was performed by a highly experienced attorney with an hourly billing rate of $615. The remaining work was done by a similarly experienced attorney with a $500 hourly billing rate.

Time spent preparing fee applications is generally compensable unless it is excessive. El-Tabech v. Clarke, 616 F.3d 834, 843-44 (8th Cir. 2010). The fees incurred here to prepare the attorney fee motion are excessive because the attorney fee motion could have been prepared by an attorney or a paralegal with less skill and experience at a substantially lower hourly rate. The Court will award $3,500 for fees incurred to prepare the attorney fee motion.

Based on the above, the Court awards $52,956.60 in reasonable attorney's fees ($49,456.60 in fees for work in the district court litigation and $3,500 in fees to prepare the attorney fee motion).

## B. Non-taxable Costs

An award of reasonable attorney's fees under 42 U.S.C. § 1988(b) can include "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys." Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir. 1996). The declarations and exhibits submitted in support of Ness' motion for attorney's fees and non-taxable costs show that Ness incurred non-taxable costs of $1,067.06.[1] The City does not oppose Ness' request for non-taxable costs. The Court finds the costs to be reasonable and awards costs of $1,067.06.

## C. Post-judgment Interest

Ness seeks post-judgment interest on the attorney fee award. Post-judgment interest is governed by 28 U.S.C. § 1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The phrase "any money judgment" includes a judgment awarding attorney's fees. Jenkins by Agyei v. Missouri, 931 F.2d 1273,

---

[1] This amount does not include $400 in costs awarded by the Clerk of Court for Clerk fees. See Cost J. [Docket No. 123].

11

1275 (8th Cir. 1991). As such, post-judgment interest on attorney's fees is mandatory. Id.

Ness' request for post-judgment interest is granted at the rate set by § 1961(a).

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Sally Ness' Motion for Attorney Fees and Non-taxable Costs [Docket No. 113] is **GRANTED IN PART and DENIED IN PART**.

2. Ness is awarded attorney's fees, costs, and post-judgment interest in the following amounts:

    a. $52,956.60 in reasonable attorney's fees under 42 U.S.C. § 1988(b);

    b. $1,067.06 in costs under 42 U.S.C. § 1988(b); and

    c. Post-judgment interest on the total judgment amount of $54,023.66 calculated by the formula set forth in 28 U.S.C. § 1961(a).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  April 7, 2022